RENDERED:  JULY 31, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0799-MR

FRED KEITH BATSCHE  APPELLANT

v.  APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 21-CI-01343

ANITA BAXTER  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE:  Fred Keith Batsche ("Keith") appeals from the Kenton Circuit

Court's order resolving certain personal property disputes between Keith and his

sister Anita Baxter ("Anita").  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Alice Catherine Batsche ("Alice") died on September 17, 2019.

Alice's estate was probated pursuant to a Last Will and Testament dated March 3,

1993 (the "Will"), which left all personal property equally to both Anita and Keith. The parties signed an Informal Settlement on November 28, 2023 (the "Settlement"), whereby the probate case in the district court was closed.

During the administration of the estate, a dispute arose between Keith and Anita regarding certain items of personal property, including cherry bedroom furniture, tools, and a brown van. Keith also contested his responsibility for payment of the probate attorney's fees. The circuit court conducted hearings, received testimony under oath, and reviewed documentary evidence submitted by the parties before entering a final order on June 4, 2025. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### 1. Standard of Review

As discussed by a panel of this Court:

> Because this is an appeal from a bench trial without a jury, the trial court's findings of fact are not [to] be set aside unless clearly erroneous with due regard being given to the opportunity of the trial judge to consider the credibility of the witnesses. Factual findings are only considered clearly erroneous if they are not supported by substantial evidence. Appellate review of legal determinations and conclusions from a bench trial is *de novo*.

*Chin v. Chin*, 494 S.W.3d 517, 519–20 (Ky. App. 2016) (internal quotation marks and citations omitted).

-2-

## 2. **Discussion**

As a preliminary matter, Keith argues that we should strike Anita's brief and impose sanctions because of numerous procedural deficits. We agree that Anita's brief contained multiple factual assertions with no citations to the record. Additionally, Anita's brief contained items in the appendix that were not a part of the underlying record. While Anita is a *pro se* litigant, "that does not exempt [her] from the rules." *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019).

Kentucky Rule of Appellate Procedure ("RAP") 10(B) provides in relevant part that:

> the failure of a party to substantially comply with the rules is ground for such action as the appellate court deems appropriate, which may include:
>
> (1) A deficiency notice or order directing a party to take specific action,
>
> (2) A show cause order,
>
> (3) Striking of filings, briefs, record or portions thereof,
>
> (4) Imposition of fines on counsel for failing to comply with these rules of not more than $1,000,
>
> (5) A dismissal of the appeal or denial of the motion for discretionary review, and
>
> (6) Such further remedies as are specified in any applicable rule.

*See also* RAP 31(H)(1) ("A brief may be stricken for failure to substantially comply with the requirements of these rules."). In this case, we have chosen not to strike Anita's brief or impose sanctions. However, we decline "to consider portions of [Anita's] brief not in conformity with [the rules of appellate procedure]." *Leamon v. Phillips*, 423 S.W.3d 759, 762 (Ky. App. 2014) (citation omitted).

Turning to the substance of the case, we believe that the circuit court correctly resolved the disputed property issues between the parties based on the evidence presented and applicable law. Further, its findings were supported by substantial evidence. With respect to the cherry bedroom furniture, the circuit court correctly determined that Keith was never awarded ownership and was, at most, a temporary custodian pending final adjudication. Indeed, an interim order entered by the circuit court stated that Keith was "entitled to *possession* of the Cherry Bedroom Set," not ownership. The circuit court's earlier ruling regarding the cherry bedroom furniture was expressly temporary and custodial, pending the court's final determination regarding ownership. Because no final ruling had been entered, the circuit court retained full authority to reconsider the evidence and issue a final judgment. Thus, the law of the case doctrine does not apply.

Moreover, the circuit court's determination that Anita owned the cherry bedroom furniture because it had been in Anita's possession at the time of

the Settlement is supported by substantial evidence. Keith's claims regarding the bedroom furniture relied on informal, self-serving documents that had not been probated. The circuit court properly weighed and rejected these documents based on the full record. Additionally, we fully agree with the circuit court's frustrations in this case:

> The testimony of both parties and the witnesses continued the confusion about the intent of [Alice] for distribution. The court notes that the multiple distribution lists presented to the court which continuously expanded the distribution to [Keith] is suspicious. However, both parties have taken property either for themselves or to "keep safe" from the other. Lastly, the personal property taken or stored for safety was stored and [commingled] with other properties. The testimony presented to the court to clarify the property was also confusing.

Therefore, we discern no error in the circuit court's disposition of the bedroom furniture.

The circuit court also properly rejected Keith's claims regarding the tools and the brown van, finding that Keith had failed to establish ownership. Keith provided no evidence of the van's correct VIN number, no corrected or updated title, no insurance records, or any other legal paperwork regarding the van. Moreover, the van had been in Anita's possession for a significant amount of time. We affirm.

Finally, the circuit court correctly determined that Anita was not responsible for the attorney's fees as claimed by Keith. The parties had previously signed a Memorandum of Understanding dated June 27, 2022 (the "Memorandum"), whereby they agreed that the probate estate attorney would be paid from the proceeds of the sale of a Florida condominium. A subsequent agreed order signed by the parties and entered on September 26, 2023, stated that "Anita shall [bear] the cost of any transfer of title and/or probate proceedings, whether in Kentucky or in Florida, *to effectuate said transfer*." (Emphasis added.) Thus, the record indicates that Anita agreed to pay for probate proceedings regarding the Florida property and not for the probate of the Will. The record reflects that Anita paid the full amount of the probate attorney's fees, and the circuit court's conclusion that Keith was responsible for one-half of those fees was supported by substantial evidence and not an abuse of discretion. Therefore, we affirm as to this issue and are hopeful that this family can put an end to this extended litigation and move forward.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the Kenton Circuit Court's final order.

ALL CONCUR.

-6-

BRIEFS FOR APPELLANT:

Randy J. Blankenship
Covington, Kentucky

BRIEF FOR APPELLEE:

Anita Cheryl Baxter, *pro se*
Hebron, Kentucky